**Herman O. KELLNER et al., Appellants,**

**v.**

**TEXAS OSAGE COOPERATIVE ROYALTY POOL, INC., et al., Appellees.**

**No. 14267.**

Court of Civil Appeals of Texas.

San Antonio.

April 22, 1964.

Rehearing Denied May 27, 1964.

**360**

Ronald Smallwood, Fred V. Klingeman, Karnes City, for appellants.

House, Mercer, House & Brock, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by appellants against appellees in the District Court of Karnes County, Texas, seeking to cancel two deeds executed by Henry Kellner, Sr. and wife, Mary Kellner, dated October 16, 1929, conveying one-half of the oil, gas and other minerals in lands located in Atascosa and Karnes Counties, and fully described in the petition, to T. Fred Evins, W. M. Morgan and J. R. Klumpp, as trustees of Texas Osage Co-operative Royalty Pool, and to Flag Oil Company of Texas, a Texas corporation, and further seeking a declaratory judgment and an accounting from certain of the appellees. The trial court found the two deeds to be valid, and further found that the ten children of Henry and Mary Kellner each owned a $\frac{1}{10}$ interest in the Headright Certificate No. 208, given to Henry and Mary Kellner as part of the consideration for the above deeds, and that each of the children would be entitled to have stock issued to them on a pro rata basis, upon surrender of said Headright Certificate No. 208. From this judgment Herman O. Kellner and wife, Louise Kellner; Oscar A. Kellner and wife, Etta Lee Kellner; Edgar Kellner and wife, Ava Ray Kellner; Henry R. Kellner and wife, Melanie Kellner; and Nora K. Hierholzer and husband, Wilfred Hierholzer, have prosecuted this appeal.

A pre-trial was held in this case and a pre-trial order entered, approved and signed by attorneys for all the parties, in which it is stated that appellants agreed that the two deeds were valid when executed by Henry and Mary Kellner; and the trial court properly so held in his judgment. There is nothing to indicate that these deeds have since become invalid.

The judgment was rendered upon a motion for summary judgment, and in view of the admissions made and the undisputed facts, there was no error in the trial court's judgment in refusing to set aside the two mineral deeds. Meiners v. Texas Osage Co-op. Royalty Pool, Inc., Tex.Civ.App., 309

S.W.2d 898. Henry and Mary Kellner during their lifetime owned in fee simple all of the land here involved, and are the common source of title as to all parties concerned. They executed the two mineral deeds above described and received as a part of the consideration Headright Certificate No. 208. Thereafter, Mary Kellner died on October 25, 1942, leaving all of her property to her husband, Henry Kellner, Sr., who died on November 23, 1946, leaving all of the property to his ten children, share and share alike. The mineral deeds were executed to the three trustees, T. Fred Evins, W. M. Morgan and J. R. Klumpp, who were operating under a declaration of trust for the Texas Osage Cooperative Royalty Pool. The controversy here relates to the proper construction of paragraphs 15 and 16 of this declaration of trust which are as follows:

"Fifteenth

"It is specifically understood and agreed and the certificate holders by the acceptance of their certificates of interest in this trust (whether by original issue or transfer) agree that at any time it may be deemed practicable by the trustees (after receiving competent legal advice) that a corporation organized and created under the laws of Texas for the purpose of receiving the property of the trust estate and carrying on the purpose of this trust may be formed, such action may be taken; the trustees hereunder acting as incorporators and first Board of Directors thereof, and the certificate holders hereunder shall receive shares of corporate stock in exchange for and in lieu of the trust certificates issued hereunder, said shares to represent a proportion of the entire capital stock of said corporation identical with the proportion of the interest in the trust represented by the trust certificates held by them. The trustees hereunder are authorized and empowered to make proper conveyance of all the trust es-

tate to said corporation and to execute and deliver all documents necessary or proper in the premises. Upon the complete investiture of said corporation with all of the right, title and interest or the property in the trust estate this trust shall be null and void.

"Sixteenth.

"This trust shall continue for twenty-one years after the death of the last survivor of the following named persons: Dorothy Jean Gilliland, daughter of A. W. Gilliland of Oklahoma City, Oklahoma; Sally Clarkson Blake, daughter of Aldrich Blake of Oklahoma City, Oklahoma; Maryanna Rupley, daughter of Ira L. Rupley of San Antonio, Texas; Ira Boyd Hensley, son of Primus V. Hensley of San Antonio, Texas; Ralph C. Rubley, Jr., son of Ralph C. Rupley, Sr., of Houston, Texas; Robert W. King, son of A. E. King of Oklahoma City, Oklahoma; John Evans Lybrand, son of Walter A. Lybrand, of Oklahoma City, Oklahoma; provided, however that if at any time after the expiration of a period of fifteen years from the date hereof the annual income of this trust is less than One Thousand Five Hundred Dollars ($1,500.00), and it is the unanimous opinion of the trustees hereunder or the Board of Directors of the corporate successor of this trust (if any) that the income from the trust estate or properties is not likely to increase beyond said amount, then and in that event, this trust may be dissolved in a manner agreeable to the law of the State of Texas."

■ Appellants contend that there is a conflict between paragraphs fifteen and sixteen of the declaration of trust. We do not agree. These two paragraphs must be construed together, and if possible in such a manner as to give meaning to both. When this is done it is plain that there is no conflict. Under the terms of paragraph fifteen the trustees could form a corpora-

**362**

tion, transfer all of the trust properties to the corporation, and thus terminate the trust. This the trustees did on August 19, 1941. Thus the provision in paragraph "Sixteenth" to the effect that the trust shall continue for twenty-one years after the death of certain named persons became impossible, because the trust had already terminated in a legal manner under the provisions of paragraph "Fifteenth." The corporation may yet be terminated under the second part of paragraph sixteen if the income should be less than $1,500 per year and the other circumstances stated in paragraph sixteen have arisen and the conditions stated therein have been complied with. When this construction is placed upon paragraphs fifteen and sixteen of the trust agreement there is no conflict and the intention of the creators of the trust becomes apparent.

The trial court properly found that Headright Certificate No. 208 issued by the trustees to Henry Kellner, Sr., and wife, Mary Kellner, for 1.90 shares of stock in the newly formed corporation was personal property—the certificate so stated at the time Henry and Mary Kellner accepted it.

The trial court properly found that each of the ten children of Henry and Mary Kellner, named in the judgment, was entitled to a one-tenth interest in the headright certificate, and that each was entitled to have stock issued to him or her in lieu of such interest on a pro rata basis, if and when the headright certificate is surrendered to appellees in the manner and within the time stated in the judgment.

Appellants attempted to take the deposition of D. N. Cushing, one of the trustees of the Texas Osage Cooperative Royalty Pool, which privilege was denied to them by the trial court. The trust estate is now in the hands of the corporation and has been since August 19, 1941. Appellants are not stockholders in this corporation because they have not as yet surrendered their interest in Headright Certificate No. 208, and received their pro rata

share of stock in the corporation. They are not entitled to an accounting from the corporation until they become stockholders. The trial court properly held that appellants will become entitled to all the rights and privileges of stockholders if and when they become stockholders. Appellants consented to the order restraining them from taking the deposition of D. N. Cushing after he furnished them certain information in an affidavit executed by him, and appellants did not attempt to withdraw such consent until just before the trial began. This request to withdraw their consent came too late.

We do not agree with appellees' contention, made in their cross-point, to the effect that the demands of the Kellner children for the issuance of stock came too late and was barred by the four-year statute of limitations, or was a stale demand. There is no time stated in Headright Certificate No. 208, within which such demand must be made.

The judgment is affirmed.